**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS ANDREW BONAFIDE | : | |
| | : | |
| Appellant | : | No. 1292 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 9, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001938-2018

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                           **FILED APRIL 22, 2021**

Appellant Nicholas Andrew Bonafide appeals from the judgment of sentence following a guilty plea to indecent assault.[1] Appellant's counsel has filed a petition to withdraw and an *Anders*/*Santiago*[2] brief. We grant counsel's request to withdraw and affirm.

---

[1] 18 Pa.C.S. § 3126(a)(1). Section 3126(a)(1) is categorized as a Tier I sexual offense under revised Subchapter H, 42 Pa.C.S. § 9799.15(a)(1) of the amended Sex Offender Registration and Notification Act (SORNA II). We acknowledge that although the parties, the trial court, and the record use the term "SORNA," SORNA II is the applicable statute, and it was enacted before Appellant committed the instant indecent assault. *See* 2018, Feb. 21, P.L. 27, No. 10 (Act 10); 2018, June 12, P.L. 140, No. 29, (Act 29); *see generally* ***Commonwealth v. Moose***, ___ A.3d ___, 1897 MDA 2014, 2021 WL 19030 (Pa. Super. filed Jan. 3, 2021) (*en banc*).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

We adopt the trial court's facts and procedural history. ***See*** Trial Ct. Op., 8/17/20, at 1-5. Briefly, at docket 1938-2018, on September 10, 2018, Appellant committed an indecent assault. On April 16, 2019, Appellant pled guilty to indecent assault, and executed a written SORNA II colloquy as part of his written guilty plea colloquy. SORNA Suppl. To Guilty Plea Colloquy, 4/16/19, at 1-4. The SORNA II colloquy stated that Appellant was required to register for a period of fifteen years. ***Id.*** at 1. At sentencing, Appellant was found not to be a sexually violent predator (SVP). Sentencing Guideline Form, 7/12/19, at 1.

At docket 18 MD 596, Appellant pled guilty to two separate counts of indirect criminal contempt, and at docket 19 MD 288, the trial court had earlier found Appellant guilty of a separate count of indirect criminal contempt. Trial Ct. Op. at 2-3.[3]

On July 9, 2019, the trial court sentenced Appellant at all three docket numbers. ***Id.*** at 4-5. Specifically, at docket 1938-2018, the trial court sentenced Appellant to twelve to twenty-four months' imprisonment for indecent assault. At docket 18 MD 596, the trial court sentenced Appellant to two concurrent sentences of six months' incarceration, which were made

---

[3] All three contempt convictions were due to Appellant's violation of the protection from abuse orders that the indecent assault victim had obtained against Appellant. Trial Ct. Op. at 4. Specifically, Appellant attempted to contact, and instructed others to contact, the victim via telephone or social media. ***Id.*** at 2-4.

concurrent to Appellant's indecent assault sentence. At docket 19 MD 288, the trial court sentenced Appellant to six months' imprisonment, which was made consecutive to Appellant's indecent assault sentence. *Id.* at 5. Therefore, Appellant's aggregate sentence, including the indecent assault sentence, was eighteen to twenty-four months' imprisonment. *Id.* Appellant signed a written notice of his post-sentence rights.

On July 11, 2019, Appellant, then represented by Joseph P. Kalinowski, Esq., of the Public Defender's Office, timely filed a counseled motion for reconsideration of sentence, which requested only that his contempt sentence at docket 19 MD 288 be run concurrent to his indecent assault sentence. Mot. for Reconsid. of Sentence, 7/11/19. The trial court denied Appellant's motion for reconsideration on July 29, 2019.

On August 1, 2019, Appellant, who was still represented by Attorney Kalinowski, filed a *pro se* notice of appeal, which listed only the above-captioned docket number of 1938-2018.[4] Notice of Appeal, 8/1/19. Appellant's notice of appeal only stated he wanted to challenge his "sentence for . . . SORNA." *Id.* (formatting altered). Appellant's notice of appeal did

---

[4] The notice of appeal, which was timestamped by the trial court, was not transmitted to this Court as part of the certified record, but a copy of the notice was docketed in this Court. *See Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016) (holding "that this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel . . . .").

not state that Appellant wanted to appeal the contempt sentences at docket numbers 18 MD 596 or 19 MD 288.

On August 8, 2019, the trial court appointed Donna DeVita, Esq., also of the Public Defender's Office, as Appellant's counsel, and ordered her to comply with Pa.R.A.P. 1925(b).[5]  Order, 8/8/19.  Attorney DeVita's Rule 1925(b) statement raised issues with respect to Appellant's sentences at docket numbers 18 MD 596 and 19 MD 288, as well as the indecent assault sentence at the above-captioned docket number.  Rule 1925(b) Statement, 8/29/19.  Appellant's initial Rule 1925(b) statement did not raise any challenges to SORNA II.

On September 3, 2019, Attorney DeVita filed a supplemental Rule 1925(b) statement, asserting that "the trial court erred when it found that SORNA applied to him and that he must register for a period of 15 years as required under SORNA."  Suppl. 1925(b) Statement, 9/3/19.  The trial court filed a responsive Rule 1925(a) opinion, which addressed all the issues raised in Appellant's initial and supplemental Rule 1925(b) statements.

Counsel's **Anders**/**Santiago** brief identifies the following issues, which we reordered to facilitate disposition:

1. Whether the Commonwealth proved that the Appellant was guilty of indirect criminal contempt in [docket number] 19 MD 288.

---

[5] The record does not reflect that Attorney Kalinowski requested or was otherwise granted permission to withdraw.

- 4 -

2. Whether the sentences imposed on the indirect criminal contempt charges were unreasonably harsh and excessive given the *de* [*minimis*] nature of the violations.

3. Whether the sentence imposed on the indecent assault charge was unreasonably harsh and excessive.

4. Whether the trial court erred when it found that SORNA applied to him and that he must register for a period of 15 years as required under SORNA.

***Anders***/***Santiago*** Brief at 4.

Initially, "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Appellant's counsel must comply with the following:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (citation omitted) (*en banc*).

Additionally, Appellant's counsel must file a brief that meets the requirements established by ***Santiago*** Court:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Only after determining that counsel has satisfied these technical requirements, may this Court conduct an independent review of the record to discern if counsel overlooked any potentially non-frivolous issues. *See Goodwin*, 928 A.2d at 292.

Here, Appellant's counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See id.* at 290. Moreover, counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. *See Santiago*, 978 A.2d at 361. The brief includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Accordingly, we conclude that counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues raised in counsel's *Anders*/*Santiago* brief.

We summarize counsel's discussion of the first two issues. First, counsel discusses the issue that the Commonwealth failed to prove Appellant was guilty of indirect criminal contempt at docket number 19 MD 288. *Anders*/*Santiago* Brief at 13. Second, counsel addresses the issue that

Appellant's sentences for indirect criminal contempt at docket numbers 18 MD 596 and 19 MD 288 were excessive. *Id.* Counsel contends that Appellant waived the issues by failing to file notices of appeal for those dockets. *Id.* Counsel did not otherwise develop substantive arguments.

Pennsylvania Rule of Appellate Procedure 341 provides that "[w]here, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341 note. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court noted that under Rule 341, a single notice of appeal in a criminal case that seeks appellate review of orders or judgments arising on more than one docket is not permitted. **Id.** at 976; **accord** West's Pa. Appellate Practice § 341:3.1.02; **cf. Commonwealth v. Nichols**, 208 A.3d 1087, 1089 (Pa. Super. 2019) (quashing an appeal because the appellant failed to file separate notices of appeal for each docket number at issue).

Here, *pro se* Appellant filed a single notice of appeal listing only the docket number for his indecent assault conviction and challenging only the SORNA II registration requirement for that conviction. Notice of Appeal, 8/1/19. Appellant, either *pro se* or through counsel, did not file notices of appeal from his judgments of sentence at docket numbers 18 MD 596 and 19 MD 288. Because Appellant failed to comply with Rule 341, we lack appellate jurisdiction to resolve appeals at those docket numbers. **See** Pa.R.A.P. 341; **Walker**, 185 A.3d at 976; **cf. Nichols**, 208 at 1089. Therefore, we agree

- 7 -

with counsel that this Court lacks appellate jurisdiction to review those issues.[6]

*See* Pa.R.A.P. 341.

Counsel's third issue is that Appellant's indecent assault sentence was unreasonably harsh and excessive. ***Anders***/***Santiago*** Brief at 13-15. Initially, we note that an allegation that a sentence is excessive is a challenge to the discretionary aspects of sentencing. ***See Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging

---

[6] We acknowledge the apparent confusion following sentencing, as well as the appointment of new counsel for the purpose of appeal. Further, it appears that the trial court issued a single order denying Appellant's post-sentence motion listing all three docket numbers but the order indicated that Appellant could file "an appeal." If Appellant had filed a single notice of appeal listing all three docket numbers, then this would have constituted a breakdown as discussed in ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019). Unfortunately, Appellant, who was acting *pro se* at the time, listed only a single docket number on his notice of appeal. The change in counsel also may have caused additional confusion, and although counsel had time to file separate notices of appeal in each case, she did not do so. Instead, Attorney DeVita filed Rule 1925(b) statements raising issues at all three docket numbers.

Considering these circumstances, we add that Appellant's intended sentencing claims concerning 18 MD 596 and 19 MD 288 were frivolous. ***See Anders/Santiago*** Brief at 6-7. Specifically, Appellant failed to file a post-sentence motion at 18 MD 596, which precludes him from seeking review of the discretionary aspects of that sentence. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016). In 19 MD 288, Appellant's intended claim that the imposition of a six-month sentence of incarceration consecutive to the one-to-two year sentence for indecent assault was excessive fails to raise a substantial question warranting review. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). Therefore, even if Appellant had properly appealed from the sentences in 18 MD 596 and 19 MD 288, and preserved his issues for appeal, there is no basis in the record or law for relief.

the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Tukhi*, 149 A.3d at 888 (citations omitted and formatting altered). Here, Appellant did not file a post-sentence motion at the appropriate docket or otherwise raise a challenge to his sentence for indecent assault in the counseled motion filed in 19 MD 288. Therefore, this claim is waived. *See id.*

Counsel's final issue is that the trial court erred when it held that Appellant must register for fifteen years under SORNA II. *Anders*/*Santiago* Brief at 15. Counsel contends that Appellant waived the issue by not previously raising it before the trial court. *Id.* at 16.

In *Commonwealth v. Reslink*, ___ A.3d ___, 2020 PA Super 289, 2020 WL 7415959 (Pa. Super. filed Mar. 2, 2021), the defendant was found not to be an SVP but was subject to lifetime registration as a Tier III offender. *Reslink*, 2020 WL 7415959 at \*1. For the first time on appeal, the defendant raised a claim that revised Subchapter H of SORNA II was unconstitutional for several reasons. *Id.* at \*3.

In holding that the defendant waived the claim, the *Reslink* Court reasoned as follows:

> It is well-settled that issues not raised before the trial court cannot be advanced for the first time on appeal. Pa.R.A.P. 302(a). **See In re F.C. III**, 607 Pa. 45, 2 A.3d 1201, 1212 (2010) (finding appellant's constitutional claims waived where he failed to raise them before the lower court, depriving that tribunal of opportunity to consider and rule upon them); **Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa. Super. 2004) ("Constitutional issues, including sentencing issues based upon the constitution, are waived if they are not properly raised in the trial court."). . . .
>
> Here, [the defendant] did not raise these claims before the trial court, in a motion to bar application of SORNA, or in post-sentence motions. Rather, [the defendant] raises these claims for the first time on appeal. We, therefore, are constrained to find that [the defendant] has waived these claims. Pa.R.A.P. 302(a). No relief is due.

**Id.** at *4 (some citations omitted).

Instantly, we reiterate that it was in counsel's supplemental Rule 1925(b) statement that counsel first raised a claim that "the trial court erred when it found that SORNA [II] applied to him and that he must register for a period of 15 years as required under SORNA [II]." Suppl. 1925(b) Statement. Identical to the defendant in **Reslink**, Appellant did not raise his SORNA II claim before the trial court and now raises it for the first time on appeal. **See Reslink**, 2020 WL 7415959, at *4. We, therefore, agree with the trial court's determination of waiver, and "are constrained to find that [Appellant] has waived" this claim under Rule 302(a). **Id.**; Trial Ct. Op. at 13-14.

In sum, based on our review of the record, we agree with trial counsel's assessment that the issues discussed in the **Anders**/**Santiago** brief are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. **See Goodwin**,

- 10 -

928 A.2d at 292. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/22/2021

COMMONWEALTH OF
PENNSYLVANIA

v.

NICHOLAS BONAFIDE

:
:
:
:
:
:
:
:

IN THE COURT OF COMMON
PLEAS OF LACKAWANNA
COUNTY

19 MD 288 & 18 MD 596
18 CR 1938

## OPINION

### BARRASSE, P.J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate
Procedure and pursuant to the request of the Superior Court. Appellant, Nicholas Bonafide
(herein after "Appellant") appeals this Court's July 9, 2019, Judgement of Sentence. The
Appellant's issues on appeal are as follows, *verbatim*:

1. **Whether this Court imposed a harsh, unreasonable and excessive sentence on the indecent assault charge?**

2. **Whether this Court imposed a harsh, unreasonable and excessive sentence on the indirect criminal contempt charge filed to 19 MD 288?**

3. **Whether this Court imposed a harsh, unreasonable and excessive sentence on the indirect criminal contempt charge filed to 18 MD 596?**

4. **Whether this court erred in determining that he was guilty of indirect criminal contempt on the 19 MD 288 charge?**

5. **Whether the trial court erred when it found that SORNA applied to him and that he must register for a period of 15 years as required under SORNA?**

For the following reasons, including a review of the record and the facts and history of the case,
this Court's July 9, 2019, Judgment of Sentence should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Under 18 CR 1938, the Commonwealth charged the Appellant with one (1) count of
Rape- Forcible Compulsion in violation of 18 Pa. C.S. § 3121(A)(1), one (1) count of Sexual
Assault in violation of 18 Pa. C.S. § 3124.1(b), one (1) count of Aggravated Indecent Assault

1

Without Consent in violation of 18 Pa. C.S. § 3125(A)(1), and one count of Harassment by Communication-Repeatedly in violation of 18 Pa. C.S. § 2709 (A)(7). These charges stemmed from a September 10, 2018, incident wherein a female victim reported a sexual assault. **Wolfe, Affidavit of Probable Cause, September 11, 2018, at p. 1.** After a recent break-up, the victim described that the Appellant repetitively texted her and messaged her via social media. She described that the Appellant even utilized an anonymous cell phone number to encourage a response. Ultimately, the Appellant arrived at the victim's residence. While inside the residence, the Appellant attempted to pull down the victim's pants. **Id.** The victim denied the Appellant's advances, however, the Appellant forced himself on top of her and raped the victim. **Id.** During the rape, the victim attempted to push him away and directed the Appellant to stop. **Id.**

Subsequently, on September 18, 2018, the Honorable Judge Trish Corbett granted a temporary Protection from Abuse Order filed by the victim against the Appellant docketed to 18 FC 41351. Notwithstanding, approximately one week later, September 28, 2018, police were dispatched to the victim's residence. **Wolfe, Affidavit of Probable Cause, October 1, 2018, at p. 1.** The Appellant placed four (4) telephone calls to the victim from the Lackawanna County Prison. With police present, the victim received a telephone call from the Appellant's mother, who telephoned at the Appellant's direction to express his apologies. Accordingly, the Commonwealth charged the Appellant with Contempt, 23 Pa. C.S. § 6114 (A) docketed under 18 MD 596.

On April 16, 2019, the Appellant entered a guilty plea under 18 CR 1938 to one (1) count of Indecent Assault in violation of 18 Pa. C.S. § 3126(a)(1). Prior to entering the plea, the Appellant executed a lengthy written plea colloquy form in which he indicated awareness of the maximum penalty as two (2) years confinement and a $5,000.00 fine, the elements of the crimes

2

charged, as well as his satisfaction with counsel, and the terms of the plea agreement. **See Written Plea Colloquy, at para. 5, 8, 13, 15, 16.** This Court also conducted an oral inquiry to determine whether the Appellant entered a knowing, voluntary, and intelligent plea. **See N.T. Guilty Plea, April 16, 2019, at p. 2-5.** The Appellant advised awareness of the constitutional rights he forfeited, and the penalties he faced by entering the guilty plea. **Id.** The Appellant further indicated that no threats or promises were exchanged for his plea. **Id. at 4.** The Appellant admitted to penetrating the vagina of the victim without her consent for the purpose of sexual arousal. **Id. at 3-4.** Likewise, the Appellant executed a four (4) page written SORNA Colloquy notifying the Appellant of his sexual offender registration requirements, including a fifteen (15) year registration period. **See SORNA Colloquy.** After receiving all affirmative responses from the Appellant, this Court accepted the guilty plea, and deferred sentence pending the completion of a Presentence Investigation Report (Hereinafter PSI") and a Pennsylvania Sexual Offender Assessment. **See N.T. Guilty Plea at 4-5.**

Prior to imposition of sentence, on May 26, 2019, police were again dispatched to the victim's residence for a second violation of the Protection from Abuse order entered against the Appellant. **Morrison, Affidavit of Probable Cause, May 28, 2019 at p. 1.** Specifically, a former inmate housed with the Appellant, messaged the victim via social media at the direction of the Appellant. **Id.** The former inmate requested that the victim dismiss the pending sexual assault offenses. **Id.** Accordingly, the Commonwealth charged the Appellant with Contempt, 23 Pa. C.S. § 6114 (A) docketed under 19 MD 288. The Honorable Chester Harhut conducted a contempt hearing on June 19, 2019. During the hearing, Officer Michael Morrison testified that he responded to allegations of a Protection from Abuse violation. **(Notes to Testimony, June 19, 2019 p. 4).** Upon arrival, the victim provided Officer Morrison with her cell phone directing him

3

to a Facebook message. Officer Morrison observed a message on the victim's cell phone, which stated: "Nicholas Bonafide told me to contact you as soon as I got out to ask you to drop whatever charges he had that was going against him." Id. at 4-5. Officer Morrison testified that he confirmed an active Protection from Abuse order against the Appellant. Id. at 5. Kristy Moore testified that she dated the Appellant, and after the Appellant sexually assaulted her, she obtained a Protection from Abuse order against him. Id. at 7. Ms. Moore recalled that she received a Facebook message, which stated that Nicholas Bonafide "asked me to text you to see if you would drop the charges. He said he really didn't do it." Id. at 8, 13. Finally, Dante Nestor testified that while sharing a cell with the Appellant, the Appellant "asked him to text [Kristy] [ . . . ] and say that he was sorry and everything, and that he just wants to see his kids. He wants to get out of that prison. He doesn't want to be in there." Id. at 16. Mr. Nestor testified that upon release he texted Ms. Moore through Facebook. Id. He verified the messages he sent to Ms. Moore through Facebook. Id. at 17. Mr. Nestor explained that he owed favors to the Appellant and reiterated that the Appellant directed him to contact Ms. Moore. Id. 17-18. Mr. Nestor stated: "He said, could you contact [K]risty and say that I am sorry for everything I did. Like, I didn't mean to do it or anything." Id. at 19. Lastly, Mr. Nestor testified that he did not know Ms. Moore personally, and but for the Appellant directing him to contact her, he would not have sent her a Facebook message. Id. at 22. As such, finding the Facebook messages to be conspicuous, the Honorable Chester Harhut found the Appellant guilty. Id. at 30. Counsel for the Appellant request sentence be deferred and consolidate with the Appellant's underlying criminal offense.

Accordingly, on July 9, 2019, following a thorough review of a pre-sentence investigation as well as consideration of a Pennsylvania Sexual Offender Assessment, relative to 18 CR 1938

4

this Court sentenced the Appellant within the guideline range to twelve (12)- twenty-four (24) months state incarceration. In addition, this Court sentenced the Appellant on 18 CR 596 Count I: six (6) months incarceration and Count II: six (6) months incarceration concurrent to Count I, consecutive to 18 CR 1938. Finally, this Court sentenced the Appellant on 19 MD 288 to six (6) months incarceration consecutive to 18 CR 1938. Ultimately, the Appellant received an aggregate sentence of eighteen (18) to twenty-four (24) months state incarceration. The Appellant filed a Motion for Reconsideration of Sentence on July 11, 2019 requesting a reduced sentence. This Court denied the Appellant's request, and the Appellant filed a Notice of Appeal to the Pennsylvania Superior Court.

## DISCUSSION

1. **Whether this Court imposed a harsh, unreasonable and excessive sentence on the indecent assault charge?**

2. **Whether this Court imposed a harsh, unreasonable and excessive sentence on the indirect criminal contempt charge filed to 19 MD 288?**

3. **Whether this Court imposed a harsh, unreasonable and excessive sentence on the indirect criminal contempt charge filed to 18 MD 596?**

Since the Appellant challenges the imposition of sentence as harsh, unreasonable, and excessive, this Court has consolidated three issues for efficiency. Initially, this Court notes that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. Commonwealth v. Rossetti, 863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa. Super.2001) (citations omitted)). Before reaching the merits of a discretionary sentencing issue, an appellate court must determine whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that

5

the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Mastromarino**, 2 A.3d 581, 588 (Pa. Super. 2010), cert. denied, 609 Pa. 685. An appellate court evaluates whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Rossetti**, 863 A.2d 1185, 1194 (Pa. Super. 2004). A substantial question, may be raised if the appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002).

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Grady v. Frito-Lay, Inc.**, 839 A.2d 1038, 1046 (2003). In reviewing a sentence on appeal, the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

6

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court. 42 Pa.C.S. § 9781; Commonwealth v. Lewis, 45 A.3d 405, 411 (Pa. Super 2012). The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood Appellants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

Commonwealth v. Walls, 926 A.2d 957, 961. (Pa. 2007). Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b). A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. Commonwealth v. Begley, 780 A.2d 605, 644 (Pa. 2001); Commonwealth v. Constantine, 478 A.2d 39 (Pa. Super. 1984); Commonwealth v. Gallagher, 442 A.2d 820 (Pa. Super. 1982).

The sentencing court must consider the particular circumstances of the offense and the character of the appellant. Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa. Super. 2002), appeal denied 868 A.2d 1198 (Pa. 2005). To that end, if a pre-sentence investigation exists, the appellate court shall presume that the sentencing court "was aware of relevant information concerning the appellant's character and weighed those considerations along with mitigating

7

statutory factors. A pre-sentence report constitutes the record and speaks for itself." Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988). The Devers Court further articulated that "it would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." Id. See Commonwealth v. Boyer, 856 A.2d 149 (Pa. Super. 2004); Commonwealth v. Burns, 765 A.2d 1144 (Pa. Super. 2000).

Moreover, the sentencing court is permitted to use prior conviction history and other facts already included in the guidelines, if they supplement other extraneous sentencing information. Commonwealth v. Simpson, 829 A.2d 334, 339 (Pa. Super. 2003); Commonwealth v. Mills, 496 A.2d 752, 754 (Pa. Super 1985)(holding that the court was permitted to consider seven prior convictions for burglary in conjunction with, prior unsuccessful attempts to rehabilitate, fact appellant had committed offense while on parole, general threat to public, and appellant's disregard for private property). The Pennsylvania Supreme Court noted that the guidelines only include a prior conviction score and do not take into account whether an offense is committed while the offender was on probation, parole or some other form or type of supervised release or his conduct while incarcerated on the current crimes. See Commonwealth v. Harmon, 546 A.2d 726, 732 (Pa. Cmwlth. 1988), appeal denied, Commonwealth v. Harmon, 523 Pa. 643, 565 A.2d 1168 (Pa. 1989) (trial court appropriately utilized the appellant's arrest while on work release as an aggravating factor); Commonwealth v. Penrod, 578 A.2d 486, 491 (Pa. Super 1990).

It is also important to note that the decision to impose concurrent or consecutive sentences rests within the discretion of the sentencing court. Commonwealth v. Johnson, 961 A.2d 877, 880 (Pa. Super. 2008) (citing Commonwealth v. Lloyd, 878 A.2d 867,

8

873 (Pa. Super. 2005)). See also, <u>Commonwealth v. Hoag</u>, 665 A.2d 1212 (Pa. Super. 1995)(stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently).

Here, this Court imposed a guideline range sentence, which is considered appropriate under the Sentencing Code. See <u>Commonwealth v. Moury</u>, 992 A.2d 162, 171 (Pa. 2010); <u>Commonwealth v. Bromley</u>, 862 A.2d 598, 605 (Pa. Super. 2004)(holding that the defendant did not raise substantial questions by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence). The Appellant had an offense gravity score of four (4) and a prior record score of three (3). Under the sentencing guidelines for such scores, the standard range of minimum sentence is three (3) – twelve (12) months. This Court sentenced the Appellant to twelve (12) -twenty-four (24) months on 18 CR 1938.

Moreover, this Court did not exceed the statutory maximum of six (6) months incarceration on each contempt charge. See 23 Pa. C.S. § 6114(b)(1)(i)(a). Prior to imposition of sentence, this Court had the benefit of a pre-sentence investigation report from the Lackawanna County Adult Probation Department, as well as the Pennsylvania Sexual Offender's Assessment. This Court reviewed both reports in their entirety. Therefore, this Court held awareness of the Appellant's relevant personal background, including his mental health and addiction history. Additionally, this Court considered the circumstances of the underlying offense, including the repetitive nature and the Appellant's active state parole status, which demonstrated the Appellant's inability to rehabilitate. This Court observed a pattern of overall irresponsibility when the Appellant was previously granted supervision and treatment opportunities. The Appellant's

9

demeanor demonstrated a criminal mindset unaffected by his previous incarceration and rehabilitation opportunities. The Appellant violated the conditions of a Protection from Abuse order on three (3) occasions, despite being incarcerated. This Court commented on the Appellant's extensive criminal history and prior leniency, stating:

> Mr. Bonafide, it's not your first time in my courtroom. In the past I have given you—several times I've given you a break. One involving a sexual offense with a minor, which I kept you county on that one. And after that you had three violations. And since then, you've had at least a half of dozen crimes, including assault and now indecent assault [ . . . ] At this point, while I usually promote rehabilitation as a first option, in your case, it clearly has not worked. The past periods of supervision have not worked for both county and state. And the continued behavior, especially in regard to the indirect criminals, to me, show a clear disregard for not only the law but also other people.

**(Notes to Testimony July 9, 2019 p. 6, 8).**

There is no indication in the record that this Court failed to consider the aforesaid personal circumstances, or ignored mandatory factors under 42 Pa. C.S. § 9721(b), or in any other way imposed a harsh and excessive sentence, disproportionate to the Appellant's actions. The Appellant's claim is without merit.

4. **Whether this court erred in determining that he was guilty of indirect criminal contempt on the 19 MD 288 charge?**

A charge of indirect criminal contempt involves a claim that a violation of an order occurred outside the presence of the court. **Commonwealth v. Padilla, 885 A.2d 994, 996 (Pa. Super 2005)**(holding that "where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order."). To establish indirect criminal contempt, the Commonwealth must prove: 1) the Order was adequately definite, clear, and precise to the contemnor as to leave no doubt of the conduct forbidden; 2) the contemnor had notice of the Order; (3) the act instituting the violation must have been by choice by the contemnor; and 4) the

10

contemnor must have acted with wrongful intent. **Commonwealth v. Ashton**, 824 A.2d 1198, 1202 (Pa. Super 2003).

In the present matter, a Protection from Abuse Order dated October 24, 2018 prohibited contact with the victim or her children in any matter, including via a third person. **See Paragraph 1,4 p. 2.** Officer Michael Morrison testified that he responded to allegations of a Protection from Abuse violation. **(Notes to Testimony, June 19, 2019 p. 4).** Upon arrival, the victim provided Officer Morrison with her cell phone directing him to a Facebook message. Officer Morrison observed a message on the victim's cell phone, which stated: "Nicholas Bonafide told me to contact you as soon as I got out to ask you to drop whatever charges he had that was going against him." **Id.** at 4-5. Officer Morrison testified that he confirmed an active Protection from Abuse order against the Appellant. **Id.** at 5. Kristy Moore testified that she dated the Appellant, and after the Appellant sexually assaulted her, she obtained a Protection from Abuse order against him. **Id.** at 7. Ms. Moore recalled that she received a Facebook message, which stated that Nicholas Bonafide "asked me to text you to see if you would drop the charges. He said he really didn't do it." **Id.** at 8, 13. Finally, Dante Nestor testified that while sharing a cell with the Appellant, the Appellant "asked him to text [Kristy] [ . . . ] and say that he was sorry and everything, and that he just wants to see his kids. He wants to get out of that prison. He doesn't want to be in there." **Id.** at 16. Mr. Nestor testified that upon release he texted Ms. Moore through Facebook. **Id.** He verified the messages he sent to Ms. Moore through Facebook. **Id.** at 17. Mr. Nestor explained that he owed favors to the Appellant and reiterated that the Appellant directed him to contact Ms. Moore. **Id.** 17-18. Mr. Nestor stated: "He said, could you contact [K]risty and say that I am sorry for everything I

11

did. Like, I didn't mean to do it or anything." **Id. at 19.** Lastly, Mr. Nestor testified that he did not know Ms. Moore personally, and but for the Appellant directing him to contact her, he would not have sent her a Facebook message. **Id. at 22.** It is clear that the Appellant directed his cellmate, Mr. Nestor to contact the victim via social media entreating her to dismiss the pending criminal charges. The Appellant held awareness of the language of the Protection from Abuse Order as he executed the last page in concurrence with the requirements of the order. Therefore, this Court did not err when it found Appellant guilty of indirect criminal contempt under 2019 MD 288. Nonetheless, the Appellant's issue is waived as he did not preserve this claim as required by **Pa. R. Crim. P. 670(A).** The Appellant's Motion for Reconsideration only requested a reduction in sentence seeking a concurrent sentence on 19 MD 288. Therefore, the Appellant's issue is waived. See **Commonwealth v. Walsh, 36 A.3d 613, 622** (Pa.Super.2012) (finding waiver under Pa. R. Crim. P. 607(A) where appellant's motion for new trial following conviction of indirect criminal contempt did not include weight claim).

5. **Whether the trial court erred when it found that SORNA applied to Appellant and that he must register for a period of 15 years as required under SORNA?**

SORNA's registration provisions are applicable to, *inter alia,* the following individuals: (1) those convicted of a sexually violent offense, on or after the effective date of SORNA, who are residents of Pennsylvania, employed in Pennsylvania, students in Pennsylvania or transients; (2) those who are inmates, on or after the effective date of SORNA, in state or county prisons as a result of a conviction for a sexually violent offense; (3) those who, on or after the effective date of SORNA, are inmates in a federal prison or are supervised by federal probation authorities as a result of a sexually violent offense and have a residence in Pennsylvania, are employed in Pennsylvania, are students in Pennsylvania or transients; and, pertinent to this appeal, (4) those

12

who were required to register under previous versions of Megan's Law and had not yet fulfilled their registration period as of the effective date of SORNA. **42 Pa.C.S. § 9799.13.** SORNA classifies offenders and their offenses into three tiers. **42 Pa.C.S. § 9799.14.** Those convicted of Tier I offenses are subject to registration for a period of fifteen years and are required to verify their registration information and be photographed, in person at an approved registration site, annually. **42 Pa.C.S. § 9799.15(a)(1),(e)(1).**

In the present case, the Appellant is classified as a Tier I offender related to his underlying conviction for violating 18 Pa. C.S. § 3126(A)(1). As such, the Appellant is subject to a fifteen year registration period. **42 Pa.C.S. § 9799.15(a)(1).** This Court properly sentenced the Appellant in accordance with the applicable SORNA tier-based registration period, and there is no merit to the Appellant's last claim. See **Commonwealth v. Golson, 189 A.3d 994, 1003 (Pa.Super. 2018)** (directing "trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder"); **Commonwealth v. Prieto, 206 A.3d 529, 535 (Pa. Super. 2019); Commonwealth v. Martin, 205 A.3d 1247, 1252(Pa. Super. 2019)** (holding that a conviction of a sexual offense determines the applicable registration period). This Court advised the Appellant that his conviction triggered a Tier I offense under SORNA and provided the Appellant with a detailed description of his SORNA reporting requirements. **In re H.R., 227 A.3d 316, 330 (Pa. 2020).**

Notwithstanding, the Appellant's last issue is waived. The Appellant's Motion for Reconsideration did not challenge his SORNA registration requirement or SORNA applicability. See **Pa.R.A.P. 302(a)** ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

## CONCLUSION

For the foregoing reasons, this Court's July 9, 2019, Judgment of Sentence, as well as the mandatory SORNA registration requirement, should be affirmed.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Donna DeVita, Esq.

14